## John F. Devine, Administrator, Appellee, v. Chicago City Railway Company and Calumet & South Chicago Railway Company, Appellants.

### Gen. No. 18,876.   (Not to be reported in full.)

Appeal from the Superior Court of Cook county; the Hon. WILL-IAM E. DEVER, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1912. Reversed with finding of fact. Opinion filed October 7, 1914. Rehearing denied October 17, 1914.

### Statement of the Case.

Action by John F. Devine, administrator of the estate of James Dwyer, deceased, against Chicago City Railway Company and Calumet & South Chicago Railway Company to recover damages for wrongfully causing the death of plaintiff's intestate. From a judgment entered on a verdict in favor of plaintiff for five thousand dollars, defendants appeal.

At the time of the accident in question there were upon South Chicago avenue, which runs in a northwesterly and southeasterly direction, two street car tracks, the east track being the northbound track and the west track being the southbound track. The decedent was employed by the Chicago City Railway Company in the work of repaving the right of way with brick, and was one of a gang of thirteen or fourteen men so employed. They were working southward from 70th street, taking up the old brick, cleaning such of the old brick as were fit for use in repaving, and repaving the southbound track and the center space between the two tracks. When the old brick were removed from the pavement they were carried by the men to the west curb of the street and such as were fit for use in repaving were there cleaned and piled up with the new brick necessary to be used. Shortly after seven o'clock on the morning of the accident, the decedent picked up several bricks from the pile at

the west curb, and carrying them on his arm, walked in a northeasterly direction towards the car tracks. When he reached the center space between the two tracks he stopped and stooped over for the purpose of dropping or placing the brick in said center space, and while in such stooped position was struck on the right side or shoulder by the corner of a northbound car approaching on the east track, and thereby sustained injuries which resulted in his death.

WARNER H. ROBINSON and CHARLES LEROY BROWN, for appellants; LEONARD A. BUSBY, of counsel.

GEORGE E. GORMAN, for appellee; JOHN M. POLLOCK, of counsel.

MR. PRESIDING JUSTICE BAUME delivered the opinion of the court.

## Abstract of the Decision.

1. NEGLIGENCE, § 157*—*necessity of proof of due care.* An allegation in a declaration that plaintiff's intestate was in the exercise of due care for his own safety is a necessary and material allegation which plaintiff is required to prove.

2. NEGLIGENCE, § 156*—*when presumption arising from instinct for life preservation not operative to establish due care.* The presumption arising from the natural instinct prompting the preservation of life and the avoidance of injury does not become operative to establish due care on the part of a person killed, where the conduct of such person immediately before and at the time of accident is described by eyewitnesses and there is nothing in the facts and circumstances surrounding the accident to indicate that he perceived the danger to which he was exposed.

3. NEGLIGENCE, § 156*—*effect of presumption that persons will perform their duty.* While there is a presumption of law that every person will perform the duty enjoined by law or imposed by contract, and anticipation of negligence in others is not a duty which the law imposes, such presumption is not a conclusive one in determining questions of negligence, and no one has a right to rely solely on it in regulating his conduct.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

4.  Appeal and error, § 1802*—*when reversal with finding of fact proper.*  On appeal from a judgment in favor of plaintiff in a suit for wrongful death, *held* it was the duty of the Appellate Court to reverse the judgment with a finding of fact, where there was no evidence to show that the decedent was in the exercise of due care for his own safety, or proof of any facts or circumstances from which due care on his part might be inferred.